UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C., a minor by and through her guardian ad litem R.C.,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BEVERLY HILLS UNIFIED SCHOOL DISTRICT; ERIK WARREN, both in his individual capacity and as principal of Beverly Vista School; CHERRYNE LUE-SANG, both in her individual capacity and as assistant principal of Beverly Vista School; and JANICE HART, both in her individual capacity and as an employee of Beverly Vista School,<br><br>　　　　　　Defendants. | CV 08-03824 SVW (CWx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO TAX ATTORNEY FEES AS COSTS [77] |

　　　Plaintiff seeks an award of reasonable attorney's fees under 42 U.S.C. § 1988.

　　　The Motion is suitable to a determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing scheduled for Monday, February 22, 2010 is VACATED.

1  Defendants concede that Plaintiff's requested fees are reasonable.
2  (Defs.' Opp. at 5.)  Defendants' sole basis for opposing Plaintiff's
3  motion is that Plaintiff is not the "prevailing party" because "[i]n
4  essence," the Court's November 16, 2009 and December 8, 2009 Orders
5  "did not change the 'legal relationship' between Plaintiff and
6  Defendants."  (Defs.' Opp. at 5.)

7  Defendant's argument is without merit.  The Court's Orders awarded
8  Plaintiff nominal damages, injunctive relief, and declaratory relief.
9  It is well-established that "a plaintiff who wins nominal damages is a
10 prevailing party under § 1988."  Farrar v. Hobby, 506 U.S. 103, 112
11 (1992).  In this case, Plaintiff was the prevailing party.

12 In determining whether the requested fee is reasonable under
13 Hensley v. Eckerhart, 461 U.S. 424 (1983), the Court notes that
14 Defendants do not object to the reasonableness of Plaintiff's requested
15 fee.  In fact, Defendants concede the reasonableness of the requested
16 fee.  (Defs.' Opp. at 5.)

17 For the sake of thoroughness, the Court has undertaken an
18 independent review of the record and concludes that the requested fee
19 is reasonable.  The hourly rates and time records are thoroughly
20 substantiated.  (See Cohen Decl.; Keleti Decl.; Pl.'s Exs. A-J.)

21 In addition, Plaintiff's requested fee is reasonable under the
22 framework established by Kerr v. Screen Extras Guild, Inc., 526 F.2d
23 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976).  Plaintiff
24 succeeded on the merits of the vast majority of her claims, the case
25 involved novel issues of law, and the case involved important issues of
26 public policy.  Plaintiff's litigation served the public good by
27 helping to clarify and publicize difficult questions of law.  See
28

Morales v. City of San Rafael, 96 F.3d 359, 364-65 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (9th Cir. 1997) (an attorney's fee award may be justified if the litigation served "the public purpose of helping to protect [the plaintiff] and persons like him from being subjected to similar unlawful treatment in the future"); accord Victoria Kim, *For students, a right to be mean online?*, L.A. Times (Dec. 13, 2009), at A1 (discussing Plaintiff's case).

Importantly, Plaintiff did not seek monetary relief. Plaintiff's failure to obtain a significant monetary award distinguishes the present fee request from the cases in which the plaintiff sought substantial damages and obtained a merely nominal recovery. See, e.g., Farrar, 506 U.S. at 121 (plaintiff obtained "one seventeenth million" of requested damages); Morales, 96 F.3d at 363 n.6 (collecting cases).

Taken as a whole, these considerations justify the requested fee. The Court concludes that the requested fee is reasonable.

Accordingly, because Plaintiff was the prevailing party, because Defendants do not contest the reasonableness of the fees requested, and because the requested fees are in fact reasonable, the Court GRANTS Plaintiff's Motion. Plaintiff is awarded attorney's fees in the amount of $103,335.

IT IS SO ORDERED.

DATED:   February 18, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

3